RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  7/14/14

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

MAHAMMOD HASONAD                    DOCKET NO:1:13-cv-03038

VERSUS
                                    JUDGE DEE D. DRELL
OAKDALE CORRECTIONAL COMPLEX        MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed on November 8, 2013, pursuant to 28 U.S.C. §2241 by petitioner Mahammod Hasonad [1] (Doc. 1). Hasonad, a native and citizen of Bangladesh, contests his continued detention since March 27, 2013, by United States Immigration and Customs Enforcement (ICE) pending his removal from the United States.

At the time he filed his petition, Hasonad was detained in the Oakdale Federal Correctional Center in Oakdale, Louisiana. On January 7, 2014, Hasonad filed an amended petition advising of his transfer to Tensas Parish Detention Center in Waterproof, Louisiana. He requested BJ Young, Warden of Oakdale Federal Correctional Center, be dismissed

---

[1] The petition filed by his attorney bears the name "Mahammod Hasonad" in the heading and throughout the text of the document (Doc. 1). A document filed by petitioner on March 12, 2014, bears the name "Mohammed Arif Hossain" in the heading, within the text of the document and in the signature block (Doc. 14). The declaration of Brian Gueringer ("Gueringer"), Assistant Field Office Director of the U.S. Immigration and Customs Enforcement (ICE) facility in Oakdale, Louisiana states Gueringer reviewed "the alien registration file relating to Arif Mohammed Hasan (A#074 855 966), AKA Mohammod Hasonad." (Doc. 25-1). For the sake of consistency, petitioner shall be referred to as "Hasonad" herein.

and Scott L. Sutterfield, Warden of Tensas Parish Detention Center, be substituted as the defendant.

## Law and Analysis

Hasonad contends his continued detention is unreasonable under <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). In support, he cites a lack of evidence that Bangladesh has or will provide travel documents and/or that his removal will occur in the reasonably foreseeable future. Hasonad argues he has not acted in a manner which would delay his deportation and he is working with friends and family "to expedite his repatriation to Bangladesh and release form custody."

Respondent argue: (1) travel documents were obtained from the Embassy of Bangladesh on more than one occasion; (2) prior attempts to remove Hasonad were either stayed or thwarted by actions he undertook; and, (3) removal is imminent. In support, they produce the declaration of Gueringer (Doc. 25-1) which states:(1) the Embassy of Bangladesh issued travel documents for Hasonad in January and April, 2014; (2) Hasonad filed a motion to reopen immigration proceedings which resulted in a stay of removal; (3) Hasonad refused to board an April 30, 2014 flight which would have effected his removal from the United States to Bangladesh; (4) a notice of failure to comply pursuant to 8 C.F.R. §241.4(g), was served on Hasonad on May 16, 2014, thereby extending the removal period; and (5) Hasonad is tentatively scheduled to depart on a commercial flight on July 6, 2014.[2]

---

[2] The record is devoid of any notation or evidence as to whether Hasonad boarded the July 6th flight and/or whether he was successfully removed from the United States. However, that determination need not be made in order to issue this report and recommendation.

In <u>Zadvdyas v. Davis</u>, the US Supreme Court held the United States Constitution does not permit indefinite detention lasting beyond six months, past the 90-day removal period:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink…. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

<u>Zadvydas</u>, 533 U.S. at 701.

The Government presented sufficient evidence to rebut Hasonad's claim that there is no significant likelihood of removal in the reasonably foreseeable future. Gueringer testified via sworn affidavit that the Embassy of Bangladesh issued travel documents for Hasonad; thus, Bangladesh is willing to accept him. Gueringer also testified Hasonad was scheduled to depart on a commercial flight on July 6, 2014. Assuming he cooperated and boarded the flight, he is no longer in the United States and his claim is moot. Even if he did not depart on July 6, his own actions rebut his claim that he desires to return to Bangladesh and comply with the order of removal. Thus, he cannot convincingly argue there was no significant likelihood of removal in the foreseeable future. Accordingly, his claim lacks merit and his petition should be denied.

<u>Conclusion</u>

Based on the foregoing,

IT IS RECOMMENDED that Hasonad's petition be DENIED and the matter dismissed with prejudice.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 14th day of July, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE